# Exhibit A

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BNSF RAILWAY COMPANY, a Delaware Corporation; THOMAS POLITO, an individual; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT O'HARA, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 1 2 2023

By *Chelsea Nuss*
Deputy

**Chelsea Nuss**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es:)* SAN BERNARDINO <br> 247 West Third Street <br> San Bernardino, CA 92415 | CASE NUMBER: <br> *(Número del Caso):* <br> **CIVSB 2 3 1 5 3 4 9** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kamran Shahabi, VALIANT LAW, 800 Ferrari Lane, Suite 100, Ontario, CA 91764 (909) 677-2270

| DATE: <br> *(Fecha)* JUL 1 2 2023 | Clerk, by *Chelsea Nuss* | **Chelsea Nuss** Deputy <br> *(Adjunto)* |
|---|---|---|
| | *(Secretario)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

Copy

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT A
PAGE 8

COPY

1 | Kamran Shahabi (State Bar No. 276194)
ks@valiantlaw.com
2 | Eric Gilanians (State Bar No. 321835)
eag@valiantlaw.com
3 | **VALIANT LAW**
800 Ferrari Lane, Suite 100
4 | Ontario, California 91764
Phone: 909 677 2270 ♦ Fax: 909 677 2290
5
Attorneys for Plaintiff ROBERT O'HARA
6

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 0 7 2023

By _Chelsea Nuss_
**Chelsea Nuss** Deputy

7

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

## COUNTY OF SAN BERNARDINO

10

11 | ROBERT O'HARA, an individual

12 | PLAINTIFF,

13 | v.

14 | BNSF RAILWAY COMPANY, a Delaware
Corporation; THOMAS POLITO, an
15 | individual; and DOES 1 through 20,
inclusive,
16

17 | DEFENDANTS.

Case No. **CIV SB 2 3 1 5 3 4 9**

PLAINTIFF'S COMPLAINT FOR:

1. Disability Discrimination in Violation
California Government Code § 12940
et seq.;
2. Failure to Engage in the Interactive
Process in Violation of California
Government Code § 12940 et seq.;
3. Failure to Provide Reasonable
Accommodations in Violation of
California Government Code § 12940
et seq.;
4. Whistleblower Retaliation in Violation
of Labor Code § 1102.5;
5. Retaliation in Violation of California
Government Code § 12940 et seq.;
6. Failure to Prevent Harassment in
Violation of Government Code §
12940, et seq.;
7. Work Environment Harassment in
Violation of FEHA;
8. FMLA Interference in Violation of 29
U.S.C. § 2601, et seq.;
9. Wrongful Termination in Violation of
Public Policy; and
10. Intentional Infliction of Emotional
Distress.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-1-
COMPLAINT

**DEMAND FOR JURY TRIAL**

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

Plaintiff ROBERT O'HARA alleges as follows:

**JURISDICTION AND VENUE**

1.      This is an unlimited civil case, and the Court has jurisdiction over this action because the amount of controversy exceeds $25,000, exclusive of interest and costs.

2.      Jurisdiction and Venue are also proper in this Court because all the claims alleged herein arose in San Bernardino County and all the Defendants are doing or did business throughout San Bernardino and/or their relevant place of business is in San Bernardino County, in each case, at the times relevant herein. See also California Code of Civil Procedure § 395, which provides that the venue is proper in this County because Defendants relevant place of business is located in this County and the harm to Plaintiff occurred in this County.

**PARTIES**

3.      Plaintiff ROBERT O'HARA ("PLAINTIFF"), at all times relevant hereto, was and is a resident of the State of California.

4.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT BNSF RAILWAY COMPANY (hereinafter, "BNSF"), is a Delaware Corporation doing substantial business in the State of California, including the County of San Bernardino, with its relevant business located at 1535 W 4th St, San Bernardino, CA 92410.

5.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT THOMAS POLITO (hereinafter, "TOM"), is an individual residing in the State of California. TOM is a managing agent of DEFENDANT BNSF, and in the capacity during all times alleged herein, acted immediately under the direction of and was a managing agent of DEFENDANTS.

6.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT BNSF RAILWAY COMPANY was PLAINTIFF's employer during PLAINTIFF's employment.

7.      PLAINTIFF is informed and believes, and thereon alleges, that 1 through 20,

-2-
COMPLAINT

EXHIBIT A
PAGE 10

1  inclusive (hereinafter referred to as "DOES"), are or were individuals and/or are or were doing

2  business at all times herein mentioned and material hereto in the State of California, and are/were

3  the alter ego, agent, managing agent, principal, owner, partner, joint venture, representative,

4  manager, and/or co-conspirator of each of the other defendants, and were at all times mentioned

5  herein acting within the course and scope of said agency and employment, and that all acts or

6  omissions alleged herein were duly committed with the ratification, knowledge, permission,

7  encouragement, authorization and consent of each defendant designated herein.

8      8.    The true names and capacities, whether individual, corporate or associate, or

9  otherwise, designated herein as DOES, are unknown to PLAINTIFF at this time, who, therefore,

10  sue said DOES by such fictitious names and will ask leave of Court to amend this Complaint to

11  show their true names and capacities when ascertained.

12     9.    PLAINTIFF is informed and believes, and based thereon, alleges that at all times

13  material hereto, DEFENDANT BNSF RAILWAY COMPANY, TOM, and DOES 1 through 20

14  (hereinafter collectively referred to as "DEFENDANTS") and each of them, were duly authorized

15  agents, or servants, or representatives, or co-conspirators of the other defendants, or the alter ego,

16  or the principal, or the owner, or representatives, and were acting at all times within the course and

17  scope of their agency or representative capacity with the knowledge and consent of the other.

18     10.   All of the acts and conduct herein and below described of each and every corporate

19  defendant was duly authorized, ordered by management-level employees of said corporate

20  employers. Additionally, said corporate employers participated in the aforementioned acts and

21  conduct of their said employees, agents, and representatives, and each of them; and upon completion

22  of the aforesaid acts and conducts of said corporate employees, agents and representatives, the

23  defendant corporations, respectively and collectively, ratified, accepted the benefits of, condoned,

24  lauded, acquiesced, authorized and otherwise approved of each and all of the said acts and conduct

25  of the aforementioned corporate employees, agents and representatives.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

27     11.   PLAINTIFF exhausted his administrative remedies by timely filing a complaint for

28  the issues required to be raised herein against DEFENDANTS with the California Department of

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

EXHIBIT A
PAGE 11

1  Fair Employment & Housing (hereinafter "DFEH") and thereafter received a "Right to Sue" letter

2  from the DFEH attached hereto as **Exhibit "A"**

3                                    <u>**FACTUAL ALLEGATIONS**</u>

4        12.    On or around December 5, 2008, PLAINTIFF was hired by BNSF as a Mechanical

5  Foreman.

6        13.    By January 2020, PLAINTIFF was promoted to Trainmaster of the San Bernardino

7  BNSF Terminal.

8        14.    Throughout his tenure, PLAINTIFF was a dedicated, loyal, and excellent employee

9  who met or exceeded the expectations of BNSF. In point of fact, PLAINTIFF received several pay

10  raises from DEFENDANT in recognition of his exceptional performance.

11        15.    PLAINTIFF is a disabled individual. PLAINTIFF unfortunately suffers from

12  delirium and stress. At all relevant times herein mentioned, DEFENDANT was aware of

13  PLAINTIFF'S disability and regarded him as a disabled individual. Being disabled within

14  DEFENDANT'S work environment effectively stigmatized PLAINTIFF and put a proverbial target

15  on his back at all times. Furthermore, while injuries in a train yard are incredibly common, BNSF

16  established a work environment in which most employees, including PLAINTIFF, would not report

17  their injuries out of fear of retaliation. Any mention of an injury would result in management telling

18  the injured individual to "walk it off" and they would then put a tally mark by the injured individuals

19  name on a public scoreboard, further humiliating them in front of their peers. Moreover,

20  DEFENDANT followed a pattern of terminating injured employees if they attempted to report their

21  injuries.

22        16.    DEFENDANT TOM was PLAINTIFF'S direct supervisor at all relevant times herein

23  mentioned beginning in or around 2019.

24        17.    Throughout PLAINTIFF'S employment with DEFENDANT, TOM made it his

25  personal mission to seek out and harass PLAINTIFF. TOM would often verbally harass PLAINTIFF

26  and other employees, often cussing them out in public spectacles in front of their co-workers.

27  PLAINTIFF and several other employees at BNSF attempted to file multiple complaints with BNSF

28  management regarding TOM's abusive conduct. However, all complaints made against TOM were

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

EXHIBIT A
PAGE 12

either wholly disregarded or resulted in further harassment and retaliation.

18.     In or around August 2022, PLAINTIFF noticed behavior that he reasonably believed was illegal. BNSF employees in PLAINTIFF'S department are required to work twelve-hour shifts. However, PLAINTIFF noticed that several other employees would often choose to sleep at their desks for the last four to five hours of their shifts. PLAINTIFF reasonably believed this was illegal, unsafe, and against government regulations.

19.     In response to this activity, PLAINTIFF complained directly to TOM, even providing him with photographic proof. PLAINTIFF expected TOM to investigate the matter seriously, especially given the concrete proof that PLAINTIFF provided. TOM instead responded by violently yelling profanity at PLAINTIFF, going so far as to threaten to reduce PLAINTIFF'S rating on his yearly review. This was no idle threat either. PLAINTIFF'S yearly review was significantly lower than it should have been. The primary excuse DEFENDANT provided as to why the review score was so low was that PLAINTIFF took "too long" in the bathroom. In fact, following this review, TOM proceeded to harass PLAINTIFF blatantly and maliciously both in and about his bathroom usage. TOM would regularly barge into the bathroom while PLAINTIFF was using it to yell at him to hurry up. Furthermore, TOM would even go so far as to tell PLAINTIFF that he was only allowed to urinate while at work; nothing else. Importantly, as previously discussed, PLAINTIFF'S shifts were twelve hours long.

20.     PLAINTIFF, desperately seeking an end to the harassment and retaliation, complained to a member of BNSF Management named Joe Gist. Mr. Gist told PLAINTIFF that he would investigate the abusive conduct.

21.     Shortly thereafter, TOM apologized to PLAINTIFF. Importantly however, PLAINTIFF'S artificially low yearly review score was not corrected, TOM's abusive conduct went uninterrupted, and besides the obviously forced apology, TOM was not disciplined in any meaningful way.

22.     On or around September 1, 2022, PLAINTIFF began having health concerns with regards to his stress and delirium. As a result, PLAINTIFF requested and subsequently took FMLA leave in an attempt to combat these mental health issues.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

EXHIBIT A
PAGE 13

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

23.     On or around October 20, 2022, PLAINTIFF receives a note from his physician that extended his leave to November 7, 2022. PLAINTIFF sent this note to DEFNDANT as soon as he acquired it. In response, DEFENDANTS disregarded PLAINTIFFS' serious medical disability and leave by demanding that he return to work sooner than ordered. Specifically, BNSF Superintendent David Alves in particular was indignant that PLAINTIFF required time off to recover from his serious mental disability because it meant that he had to cover for what would normally have been PLAINTIFF'S shifts.

24.     On or around November 13, 2022, PLAINTIFF returned to work and was immediately retaliated against by DEFENDANTS. PLAINTIFF had not been provided with any time to reacclimate to his job duties and had been partnered up with a brand new and inexperienced new employee, Lexus. DEFENDANTS had intentionally set PLAINTIFF up for failure by partnering him with a new employee that he was responsible for. Effectively meaning that PLAINTIFF'S workload and responsibilities were approximately double what they were prior to his leave of absence.

25.     Moreover, shortly after returning to work, PLAINTIFF was participating in a conference call with TOM and several other BNSF employees. At one point during that call TOM began yelling at PLAINTIFF to "Stop sleeping! Wake up Robert!" To make matters worse, another unidentified BNSF employee took a picture of PLAINTIFF without his consent. Importantly, PLAINTIFF was in no way asleep, and the picture that was subsequently circulated internally within BNSF (again without consent) demonstrated this. Furthermore, the only reason that TOM accused PLAINTIFF of sleeping is because he knew it would upset PLAINTIFF on a personal level. PLAINTIFF had complained about sleeping employees in the past. Moreover, TOM knew that an unfortunate side effect of PLAINTIFF'S disability (Delirium) is drowsiness.

26.     Immediately following this event, PLAINTIFF was shown the picture from employees that had received the picture. Additionally, these employees warned PLAINTIFF that several employees had been told to monitor PLAINTIFF and report his activity to BNSF management.

27.     On or around early December 2022, PLAINTIFF is contacted by BNSF Human

1  Resources ("HR"), regarding his "sleeping" during the conference call. PLAINTIFF rightly denied

2  any and all allegations that he was sleeping during the call.

3      28.     Immediately following this call with HR, TOM dramatically escalated his

4  harassment of PLAINTIFF. Specifically, TOM would openly, and in front of other BNSF employees

5  tell PLAINTIFF to "fuck off", and "Lexus is the one training Robert because he is fucking stupid."

6  Or TOM would publicly ask PLAINTIFF, "you don't know how to do that?" or "Are you fucking

7  stupid?"

8      29.     On or around December 16, 2022, PLAINTIFF was called in on his day off to speak

9  with Superintendent David Alves. PLAINTIFF, being a diligent employee, followed the directive

10 and came in to work. Despite PLAINTIFF's dedication to BNSF and his diligence in coming in on

11 a day off, David Alves effectively blindsided PLAINTIFF by terminating him. Furthermore, David

12 Alves refused to provide PLAINTIFF with a reasoning behind the termination. What David Alves

13 did do however, was ominously tell PLAINTIFF that he knew that PLAINTIFF was in contact with

14 HR. Notably, David Alves was also the employee who had very recently complained about having

15 to cover PLAINTIFF'S shifts when he was on leave, proving a strong temporal nexus between

16 PLAINTIFF'S leave and his subsequent termination.

17     30.     After months of failing to engage in an interactive process and provide reasonable

18 accommodations to PLAINTIFF, countless acts of retaliation, and fabricating events to paint him in

19 a bad light, DEFENDANTS carried out PLAINTIFF'S termination further worsening his already

20 diminishing mental health in the process.

21     31.     DEFENDANTS, at all times relevant herein, acted with malice and oppression

22 against PLAINTIFF without regard to PLAINTIFF's disability and his valid complaints against

23 activity that he reasonably believed was illegal.

24     32.     Because of DEFENDANTS' multiple forms of illegal conduct including

25 discrimination, retaliation, and wrongful termination, PLAINTIFF has suffered and continues to

26 suffer significant mental, financial, and emotional harm.

27     33.     PLAINTIFF now commences this suit against DEFENDANT, and alleges the

28 following:

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

EXHIBIT A
PAGE 15

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

**FIRST CAUSE OF ACTION**

**Disability Discrimination in Violation California Government Code § 12940 et seq.**

**(As to Defendants BNSF and DOES 1 through 20)**

34.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

35.     BNSF was PLAINTIFF's legal employer at all times relevant herein; and PLAINTIFF was an employee of BNSF at all times relevant herein.

36.     At all times herein mentioned, Government Code § 12940(a), was in full force and effect and was binging on BNSF. Government Code § 12940 or commonly referred to as The Fair Employment and Housing Act ("FEHA"), makes it unlawful for an employer to discriminate against an employee with a disability.

37.     PLAINTIFF suffers from a mental disability. BNSF was, at all relevant times, aware PLAINTIFF suffered from delirium and had requested time off to deal with his mental disability.

38.     At all times mentioned herein, PLAINTIFF was willing and able to perform the duties and functions of his position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for PLAINTIFF's disability, have been a danger to PLAINTIFF or any other person's health and/or safety, nor would it have created an undue hardship to the operation of DEFENDANTS' business.

39.     Instead of providing reasonable accommodations for PLAITNIFF's disabilities, DEFENDANTS used PLAINTIFF's disability as a reason to facilitate the adverse employment actions perpetrated against PLAINTIFF. Specifically, DEFENDANTS discriminated, retaliated, and wrongfully terminated PLAINTIFF'S employment.

40.     PLAINTIFF'S disability was a substantial motivating reason in BNSF's decision to perpetuate a scheme of adverse employment actions against PLAINTIFF, which ultimately led to PLAINTIFF's wrongful termination. DEFENDANTS engaged in a pattern and practice of disability discrimination. DEFENDANTS' managers and supervisors, trusted to employ fair and legal practices, denied PLAINTIFF his legal rights, and treated him differently based on his disability.

41.     PLAINTIFF was deeply harmed as a result of DEFENDANT'S discrimination.

EXHIBIT A
PAGE 16

42.     DEFENDANT'S unlawful conduct was a substantial factor in harming PLAINTIFF.

43.     Pursuant to California Civil Code § 3294, BNSF acted with malice and oppression against PLAINTIFF intending to cause him harm without regard to PLAINTIFF's trauma that he sustained as a result of his mother passing away and the horrific crash that he experienced while working at BNSF.

44.     As a direct and/or proximate result of BNSF's unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional distress, including but not limited to, depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is entitled to and will seek exemplary, general and/or compensatory damages and attorney's fees and costs in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

### SECOND CAUSE OF ACTION

**Failure to Engage in the Interactive Process in Violation of California**

**Government Code § 12940 et seq.**

**(As to Defendants BNSF and DOES 1 through 20)**

45.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

46.     BNSF was PLAINTIFF's employer at all times relevant herein; and PLAINTIFF was an employee of BNSF at all times relevant herein.

47.     Moreover, at all relevant times, FEHA was in effect and binding on BNSF. Notably, FEHA requires an employer to engage in an interactive process with an employee who is disabled.

48.     BNSF was aware of PLAINTIFF's mental disability. Moreover, PLAINTIFF and his physician made several requests for reasonable accommodations related to his mental disability. DEFENDANT defied the suggestions of PLAINTIFF'S physician by demanding that PLAINTIFF return early from his leave.

49.     PLAINTIFF requested that BNSF provide reasonable accommodations for his disability so that he would be able to perform his essential job requirements.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

EXHIBIT A
PAGE 17

50. PLAINTIFF was at all times ready and willing to engage in a good faith interactive process. However, BNSF failed to engage in said good faith interactive process with PLAINTIFF.

51. Specifically, BNSF failed to engage in an open dialog with PLAINTIFF to determine what reasonable accommodations BNSF could provide so that PLAINTIFF could perform the essential functions of his employment.

52. PLAINTIFF was directly harmed by DEFENDANT'S failure to participate in a good faith interactive process.

53. BNSF'S failure to engage in a good-faith interactive process was a substantial factor in causing PLAINTIFF harm.

54. Pursuant to California Civil Code § 3294, BNSF acted with malice and oppression against PLAINTIFF intending to cause him harm without regard to his rights or safety.

55. As a direct and/or proximate result of BNSF's unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional distress, including but not limited to, depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is entitled to and will seek exemplary, general and/or compensatory damages and attorney's fees and costs in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

### THIRD CAUSE OF ACTION

**Failure to Provide Reasonable Accommodations in Violation of California**

**Government Code §12940 et seq.**

**(As to Defendants BNSF and DOES 1 through 20)**

56. PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

57. BNSF was PLAINTIFF'S legal employer at all times relevant herein; and PLAINTIFF was an employee of BNSF at all times relevant herein.

58. At all relevant times FEHA was in effect and binding on BNSF. Notably, FEHA requires employers to provide reasonable accommodations to a disabled employee.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

-10-

EXHIBIT A
PAGE 18

59.     BNSF was aware of PLAINTIFF's mental disabilities, namely those that he had taken medical leave in order to deal with. Moreover, PLAINTIFF and his physician made several requests for reasonable accommodations related to his mental disability, all of which were wholly disregarded.

60.     PLAINTIFF was at all relevant times a qualified employee who could perform and was more than willing to perform the essential functions of his employment with reasonable accommodations.

61.     BNSF failed to provide proper reasonable accommodations for PLAINTIFF'S disability. Instead, BNSF wrongfully terminated PLAINTIFF to forgo its obligation to provide reasonable accommodations.

62.     PLAINTIFF was harmed as a result of DEFENDANTS failure to reasonably accommodate PLAINTIFF.

63.     BNSF's failure to provide reasonable accommodations for PLAINTIFF was a substantial factor in causing PLAINTIFF's harm.

64.     Pursuant to California Civil Code § 3294, BNSF acted with malice and oppression against PLAINTIFF intending to cause him harm without regard to his rights or safety.

65.     As a direct and/or proximate result of BNSF's unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional distress, including but not limited to, depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is entitled to and will seek exemplary, general and/or compensatory damages and attorney's fees and costs in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

## FOURTH CAUSE OF ACTION

### Whistleblower Retaliation in Violation of California Labor Code § 1102.5

### (As to Defendants BNSF and DOES 1 through 20)

66.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

EXHIBIT A
PAGE 19

67.   At all relevant times, PLAINTIFF was an employee of BNSF.

68.   Moreover, at all relevant times California Labor Code § 1102.5 was in full effect and binding on BNSF. Notably, § 1102.5 makes it unlawful for an employer to retaliate against an employee who disclosed unlawful conduct to an individual with the authority to investigate and/or to a government agency. Further, § 1102.5 prohibits an employer from retaliating against an employee whom the employer believes will disclose unlawful conduct to a government agency.

69.   PLAINTIFF engaged in protected activity when he complained about several other BNSF employees who regularly slept on the job, often times for several hours per shift.

70.   PLAINTIFF reasonably believed that there were government safety procedures being violated by the employees sleeping on the job and therefore believed that the activity he was complaining about was illegal and unethical.

71.   PLAINTIFF made these complaints known to his supervisor who had the ability to correct and investigate the perceived illegal activity.

72.   In response to PLAINTIFF's protected activities, BNSF's managing agents implemented and executed a retaliatory scheme to discriminate, retaliate, and wrongfully terminate PLAINTIFF's employment.

73.   PLAINTIFF's engagement in protected activities was a significant contributing factor in BNSF's decision to subject PLAINTIFF to adverse employment actions, including his wrongful termination.

74.   PLAINTIFF was directly harmed by DEFENDANTS retaliatory acts.

75.   BNSF's unlawful conduct was a substantial factor in causing PLAINTIFF's harm.

76.   Pursuant to California Civil Code § 3294, BNSF acted with malice and oppression against PLAINTIFF intending to cause him harm without regard to his rights or safety.

77.   As a direct and/or proximate result of BNSF's unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage with relation to earnings, benefits, and emotional distress, including but not limited to, depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is entitled to and will seek exemplary, general and/or compensatory damages and attorney's fees and costs in amounts

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1  to be proven at trial in addition to interest thereon and any and all other remedies and damages

2  available under the applicable laws.

3      78.    In addition, PLAINTIFF will seek the maximum civil penalty allowed under the

4  labor code.

## FIFTH CAUSE OF ACTION

### Retaliation in Violation of California Government Code § 12940 et seq.

### (As to Defendants BNSF and DOES 1 through 20)

8      79.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every

9  preceding and subsequent paragraph as though fully set forth herein.

10     80.    At all relevant times, PLAINTIFF was an employee of BNSF.

11     81.    Moreover, at all relevant times, FEHA was in full effect and binding on BNSF.

12  Notably, FEHA makes it an unlawful employment practice for an employer to retaliate against an

13  employee for engaging in protected activities.

14     82.    PLAINTIFF engaged in a protected activity when he requested reasonable

15  accommodations for his mental disability.

16     83.    In response to PLAINTIFF's protected activities, BNSF's managing agents

17  immediately retaliated by demanding that PLAINTIFF return early. When that failed,

18  DEFENDENTS implemented and executed a retaliatory scheme against PLAINTIFF that included

19  discrimination, retaliation, and wrongful termination.

20     84.    By engaging in the above-referenced acts and omissions, BNSF retaliated against

21  PLAINTIFF because he participated in a protected activity by requesting reasonable

22  accommodations for his disabilities.

23     85.    PLAINTIFF was harmed as a direct result of DEFENDANT'S actions.

24     86.    BNSF's unlawful conduct was a substantial factor in causing PLAINTIFF's harm.

25  Specifically, DEFENDANTS decision to terminate PLAINTIFF following his medical leave to deal

26  with a serious mental disability was morally reprehensible and was a substantial factor in causing

27  harm to PLAINTIFF.

28     87.    Pursuant to California Civil Code § 3294, BNSF acted with malice and oppression

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE: 909 677 2270 ♦ FAX 909 677 2290

1 | against PLAINTIFF intending to cause him harm without regard to his rights or safety.

2 |     88.    As a direct and/or proximate result of BNSF's unlawful conduct, PLAINTIFF
3 | suffered and continues to suffer economic loss or disadvantage both as earnings and benefits, and
4 | emotional distress, including but not limited to, depression, decline in health, anxiety,
5 | embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is entitled to and
6 | will seek exemplary, general and/or compensatory damages and attorney's fees and costs in amounts
7 | to be proven at trial in addition to interest thereon and any and all other remedies and damages
8 | available under the applicable laws.

9 | **SIXTH CAUSE OF ACTION**

10 | **Failure to Prevent Harassment in Violation of Government Code § 12940, et seq.**

11 | **(As to Defendants BNSF and DOES 1 through 20)**

12 |     89.    PLAINTIFF incorporates by reference, repeats and realleges, all preceding and
13 | subsequent paragraphs.

14 |     90.    At all relevant times, PLAINTIFF was in an employee-employer relationship with
15 | BNSF.

16 |     91.    BNSF wrongfully subjected PLAINTIFF to harassment, discrimination, and
17 | retaliation in the course of his employment. Specifically, TOM harassed, discriminated against, and
18 | retaliated against PLAINTIFF because of his complaints regarding perceived illegal conduct and
19 | because of PLAINTIFF'S disability. TOM would threaten PLAINTIFF'S yearly review, would
20 | fabricate events with the intent of painting PLAINTIFF in a bad light, and most egregiously tell
21 | PLAINTIFF that he could only urinate during his twelve-hour long shifts and would come into the
22 | bathroom while PLAINTIFF was using it to yell at PLAINTIFF.

23 |     92.    PLAINTIFF and several other BNSF employees had made complaints regarding
24 | TOM's abusive conduct and as a result DEFENDANT was very well aware of their need to address
25 | this abusive conduct.

26 |     93.    BNSF failed to take all necessary and reasonable steps to curtail or prevent the
27 | abusive conduct of TOM, who was acting as a managing agent of BNSF.

28 |     94.    DEFENDANT'S actions directly caused harm to befall PLAINTIFF.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-14-

EXHIBIT A
PAGE 22

95.     Specifically, DEFENDANT'S failure to take all reasonable steps to prevent TOM'S abusive conduct was a substantial factor in causing harm to PLAINTIFF.

## SEVENTH CAUSE OF ACTION

### Work Environment Harassment in Violation of FEHA

### (As to All Defendants)

96.     PLAINTIFF incorporates by reference, repeats, and realleges, each and every allegation contained above as though fully set forth herein.

97.     The conduct of DEFENDANTS, and each of them, created a hostile work environment for PLAINTIFF, making the conditions of his employment intolerable in direct contravention of various statutes and state law decisions, including but not limited to Gov. Code, § 12940(j). PLAINTIFF was subjected to a hostile work environment which included harassment and retaliation based on his mental disability, and when he engaged in a protected activity by complaining about what he perceived to be illegal activity.

98.     DEFENDANTS, its managers, principals, agents, and supervisors had a duty to take all complaints of harassment seriously and investigate them diligently. By failing to meaningfully do so, DEFENDANTS, encouraged a work environment hostile to employees who are disabled and with needs for reasonable accommodations, and DEFENDANTS ratified the harassing and abusive conduct as detailed in this Complaint.

99.     Further, DEFENDANTS engaged in unlawful work environment harassment by continuously threatening PLAINTIFF's yearly reviews when he would engage in the protected activities stated herein. Additionally, TOM would tell PLAINTIFF that he could only urinate during his twelve-hour long shifts and would come into the bathroom while PLAINTIFF was using it to yell at PLAINTIFF.

100.     Such harassment was so severe and pervasive that it altered the conditions of PLAINTIFF's employment, creating a hostile work environment and thereby endangering PLAINTIFF's mental health and making his working conditions intolerable.

101.     As a result of DEFENDANTS' disparate treatment of PLAINTIFF based on his whistleblowing and his disability, PLAINTIFF was harmed.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

EXHIBIT A
PAGE 23

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

102.    As a proximate result of DEFENDANTS' harassments, discrimination, and retaliation, PLAINTIFF has sustained and continues to suffer emotional distress, mental pain, anguish, pain and suffering, loss of sleep, loss of appetite, anxiety, depression, shame, and embarrassment.

103.    DEFENDANTS' harassment, disparate treatment, discrimination, and retaliation of PLAINTIFF because of his disability and requests for accommodations, and complaints, were substantial factors in causing PLAINTIFF's harm.

104.    As such and as a result of direct and/or proximate result of DEFENDANTS' conduct, PLAINTIFF will seek economic damages, non-economic damages, punitive damages, recovery of his reasonable attorney's fees and costs as the prevailing party and in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws against all DEFENDANTS.

## EIGHTH CAUSE OF ACTION

### FMLA Interference in Violation of 29 U.S.C. § 2601, et seq.

### (As to Defendants BNSF and DOES 1 through 20)

105.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every allegation contained above as though fully set forth herein.

106.    At all times relevant, BNSF was a covered employer under the Family and Medical Leave Act ("FMLA"). 29 U.S.C. § 2611.

107.    PLAINTIFF was covered under the FMLA as an individual with a disability, specifically, severe knee damage.

108.    Under the FMLA, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." *Id.* § 2615(a).

109.    The FMLA's "prohibition against 'interference' prohibits an employer from discriminating or retaliating against an employee…for having exercised or attempted to exercise FMLA rights…" 29 C.F.R. § 825.220(c).

110.    "[E]mployers cannot use the taking of FMLA leave as a negative factor in

-16-

1  employment actions, such as hiring, promotions, or disciplinary actions." *Id.*

2  111.   Employers who violate the FMLA "may be liable for compensation and benefits

3  lost by reason of the violation, for other actual monetary losses sustained as a direct result of the

4  violation, and for appropriate equitable or other relief, including employment, reinstatement,

5  promotion, or any other relief tailored to the harm suffered." *Id.* § 825.220(b); 29 U.S.C. § 2617.

6  112.   PLAINTIFF requested FMLA leave to recover from his mental disability.

7  PLAINTIFF gave notice to BNSF that he would need time off to deal with his mental disability,

8  and PLAINTIFF once again gave notice to BNSF immediately after he was advised by his

9  physician to extend his FMLA leave.

10  113.   PLAINTIFF's FMLA leave was repeatedly interfered with when DEFENDANTS

11  demanded that PLAINTIFF return from his leave early.

12  114.   In direct retaliation for PLAINTIFF exercising his rights under the FMLA, BNSF

13  terminated PLAINTIFF.

14  115.   BNSF's actions were intentional, willful, and in reckless disregard of

15  PLAINTIFF's rights under the FMLA. Furthermore, BNSF's actions caused direct harm to

16  PLAINTIFF.

17  116.   As a result of DEFENDANTS' unlawful conduct, PLAINTIFF suffered and

18  continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional

19  distress, including but not limited to, depression, decline in health, anxiety, embarrassment,

20  humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is entitled to and will seek

21  exemplary, general and compensatory damages and attorney's fees and costs as to Defendant BNSF

22  in amounts to be proven at trial in addition to interest thereon and any and all other remedies and

23  damages available under the applicable laws.

24  ### NINTH CAUSE OF ACTION

25  **Wrongful Termination in Violation of Public Policy**

26  **(As to Defendants BNSF and DOES 1 through 20)**

27  117.   PLAINTIFF incorporates by reference, repeats and realleges, all preceding and

28  subsequent paragraphs.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

1    118.   At all relevant times, PLAINTIFF was in an employee-employer relationship with

2   BNSF.

3    119.   BNSF wrongfully discharged PLAINTIFF in stark violation of public policy.

4    120.   PLAINTIFF's request for accommodations, PLAINTIFF'S disabilities, and

5   PLAINTIFF'S complaints regarding perceived illegal activity were significant motivating reasons

6   for PLAINTIFF's wrongful discharge at the hands of DEFENDANT.

7    121.   PLAINTIFF was harmed as a result of DEFENDANT'S unlawful conduct and

8   wrongful discharge.

9    122.   BNSF's wrongful discharge was a substantial factor in causing PLAINTIFF's harm.

10    123.   As a result of DEFENDANTS' unlawful conduct, PLAINTIFF suffered and

11   continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional

12   distress, including depression, decline in health, anxiety, embarrassment, humiliation, loss of self-

13   esteem, and mental anguish. PLAINTIFF is entitled to and will seek exemplary, general and

14   compensatory damages and attorney's fees and costs as to DEFENDANT in amounts to be proven

15   at trial in addition to interest thereon and any and all other remedies and damages available under

16   the applicable laws.

17                 **TENTH CAUSE OF ACTION**

18             **Intentional Infliction of Emotional Distress**

19                   **(As to All Defendants)**

20    124.   PLAINTIFF incorporates by reference, repeats, and realleges, each and every

21   allegation contained above as though fully set forth herein.

22    125.   DEFENDANTS engaged in intentional and outrageous conduct as alleged in this

23   Complaint, to PLAINTIFF's detriment.

24    126.   DEFENDANTS knew that the conduct was unlawful and condoned the illegal

25   activity by permitting it to occur in the workplace; specifically, discrimination, retaliation, and

26   ultimately the wrongful termination of PLAINTIFF after he made complaints regarding perceived

27   illegal activities. DEFENDANTS, and each of them, knew or should have known, that such conduct

28   would cause direct and immediate emotional harm to PLAINTIFF, yet they did nothing to remedy

1 | the situation.

2 |      127.   DEFENDANTS subjected PLAINTIFF to discrimination, retaliation, and wrongful

3 | termination. DEFENDANTS engaged in these unlawful actions with the specific intent to deprive

4 | PLAINTIFF of his peace of mind with reckless disregard for his wellbeing.

5 |      128.   DEFENDANTS knew, or should have known, that the discrimination and retaliation

6 | perpetuated by DEFENDANTS was unlawful and designed to cause harm to PLAINTIFF. Each of

7 | these acts, and certainly all of them in tandem, resulted in PLAINTIFF suffering severe and extreme

8 | emotional distress.

9 |      129.   As a result of DEFENDANTS' unlawful conduct, PLAINTIFF suffered and

10 | continues to suffer economic loss or disadvantage both as earnings and benefits, and emotional

11 | distress, including but not limited to, depression, decline in health, anxiety, embarrassment,

12 | humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is entitled to and will seek

13 | exemplary, general and compensatory damages and attorney's fees and costs as to DEFENDANTS

14 | in amounts to be proven at trial in addition to interest thereon and any and all other remedies and

15 | damages available under the applicable laws.

16 | **PRAYER FOR RELIEF**

17 |    **WHEREFORE,** based on the foregoing, PLAINTIFF prays for relief against

18 | DEFENDANTS, and each of them, jointly and severally, as follows:

19 |    1.   For general damages according to proof, on each cause of action for which such

20 | damages are available;

21 |    2.   For compensatory damages, according to proof on each cause of action for which

22 | such damages are available;

23 |    3.   For special damages, according to proof on each cause of action for which such

24 | damages are available;

25 |    4.   For reasonable attorneys' fees, according to proof on each cause of action for which

26 | such damages are available;

27 |    5.   For punitive and exemplary damages, according to proof on each cause of action for

28 | which such damages are available;

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

EXHIBIT A
PAGE 27

6.  For prejudgment and post-judgment interest (at the prevailing legal rate) pursuant to California Civil Code § 3287 and/or California Civil Code § 3288 and/or any other provision of law providing for interest for which such damages are available;

7.  For injunctive relief, to prevent DEFENDANTS from engaging in the type of wrongful conduct(s) alleged above in the future;

8.  For all statutory penalties provided under the Labor Code, including without limitation, §§ 1102.5, 1174.5, and 1198.5;

9.  For attorney's fees, costs, penalties and injunctive relief as provided under Labor Code § 226, et seq.;

10.  For costs of suit herein incurred;

11.  Economic, personal injury and emotional distress damages including loss of earnings, bonuses, commissions, deferred compensation, and other employment benefits, lost future earnings, a blot on PLAINTIFF's employment history, lack of references, and other consequential damages in an amount that exceeds $1,000,000;

12.  For all recoverable penalties according to law;

13.  For penalties under the California Government Code for any such violations;

14.  For total damages in the amount of 10,000,000.00; and

15.  For such other and further relief as the Court deems just and proper.


DATED: July 6, 2023                                  **VALIANT LAW**

By: _____

KAMRAN SHAHABI
ERIC GILANIANS
Attorneys for PLAINTIFF ROBERT
O'HARA

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-20-

EXHIBIT A
PAGE 28

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial in the above-entitled action.

DATED: July 6, 2023

VALIANT LAW

By: _____

KAMRAN SHAHABI
ERIC GILANIANS
Attorney for PLAINTIFF ROBERT
O'HARA

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE: 909 677 2270 ◆ FAX 909 677 2290

-21-
COMPLAINT

EXHIBIT A
PAGE 29

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

June 29, 2023

Raymond Babaian
800 Ferrari Ln., Suite 100
Ontario, CA 91764

RE:   **Notice to Complainant's Attorney**
      CRD Matter Number: 202306-21145729
      Right to Sue: O'HARA / BNSF RAILWAY COMPANY et al.

Dear Raymond Babaian:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

EXHIBIT A
PAGE 31



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

June 29, 2023

RE:   **Notice of Filing of Discrimination Complaint**
      CRD Matter Number: 202306-21145729
      Right to Sue: O'HARA / BNSF RAILWAY COMPANY et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

June 29, 2023

ROBERT O'HARA

RE:  **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202306-21145729
Right to Sue: O'HARA / BNSF RAILWAY COMPANY et al.

Dear ROBERT O'HARA:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective June 29, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**

2

**Civil Rights Department**

**Under the California Fair Employment and Housing Act**

3

**(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5

ROBERT O'HARA                                                     CRD No. 202306-21145729

6

                                 Complainant,

7

vs.

8

BNSF RAILWAY COMPANY
1535 W 4th St

9

San Bernardino, CA 92410

10

THOMAS POLITO

11

'

                                 Respondents

12

13

14

**1.** Respondent **BNSF RAILWAY COMPANY** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

15

**2.**Complainant is naming **THOMAS POLITO** individual as Co-Respondent(s).

16

**3**. Complainant **ROBERT O'HARA**, resides in the City of , State of .

17

18

**4**. Complainant alleges that on or about **December 16, 2022**, respondent took the following adverse actions:

19

20

**Complainant was harassed** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric).

21

**Complainant was discriminated against** because of complainant's disability (physical,

22

intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated.

23

**Complainant experienced retaliation** because complainant requested or used a disability-

24

related accommodation and as a result was terminated.

25

26

-1-
*Complaint – CRD No. 202306-21145729*

27

Date Filed: June 29, 2023

28

CRD-ENF 80 RS (Revised 12/22)

**Additional Complaint Details:** 12.   On or around December 5, 2008, PLAINTIFF was hired by BNSF as a Mechanical Foreman.

13.     By January 2020, PLAINTIFF was promoted to Trainmaster of the San Bernardino BNSF Terminal.

14.     Throughout his tenure, PLAINTIFF was a dedicated, loyal, and excellent employee who met or exceeded the expectations of BNSF. In point of fact, PLAINTIFF received several pay raises from DEFENDANT in recognition of his exceptional performance.

15.     PLAINTIFF is a disabled individual. PLAINTIFF unfortunately suffers from delirium and stress. At all relevant times herein mentioned, DEFENDANT was aware of PLAINTIFF'S disability and regarded him as a disabled individual. Being disabled within DEFENDANT'S work environment effectively stigmatized PLAINTIFF and put a proverbial target on his back at all times. Furthermore, while injuries in a train yard are incredibly common, BNSF established a work environment in which most employees, including PLAINTIFF, would not report their injuries out of fear of retaliation. Any mention of an injury would result in management telling the injured individual to "walk it off" and they would then put a tally mark by the injured individuals name on a public scoreboard, further humiliating them in front of their peers. Moreover, DEFENDANT followed a pattern of terminating injured employees if they attempted to report their injuries.

16.     DEFENDANT TOM was PLAINTIFF'S direct supervisor at all relevant times herein mentioned beginning in or around 2019.

17.     Throughout PLAINTIFF'S employment with DEFENDANT, TOM made it his personal mission to seek out and harass PLAINTIFF. TOM would often verbally harass PLAINTIFF and other employees, often cussing them out in public spectacles in front of their co-workers. PLAINTIFF and several other employees at BNSF attempted to file multiple complaints with BNSF management regarding TOM's abusive conduct. However, all complaints made against TOM were either wholly disregarded or resulted in further harassment and retaliation.

18.     In or around August 2022, PLAINTIFF noticed behavior that he reasonably believed was illegal. BNSF employees in PLAINTIFF'S department are required to work twelve-hour shifts. However, PLAINTIFF noticed that several other employees would often choose to sleep at their desks for the last four to five hours of their shifts. PLAINTIFF reasonably believed this was illegal, unsafe, and against government regulations.

19.     In response to this activity, PLANTIFF complained directly to TOM, even providing him with photographic proof. PLAINTIFF expected TOM to investigate the matter seriously, especially given the concrete proof that PLAINTIFF provided. TOM instead responded by violently yelling profanity at PLAINTIFF, going so far as to threaten to reduce PLAINTIFF'S rating on his yearly review. This was no idle threat either. PLAINTIFF'S yearly review was significantly lower than it should have been. The primary excuse DEFENDANT provided as to why the review score was so low was that PLAINTIFF took "too long" in the bathroom. In fact, following this review, TOM proceeded to harass PLAINTIFF blatantly and maliciously both in and about his bathroom usage. TOM would regularly barge into the bathroom while PLAINTIFF was using it to yell at him to hurry up. Furthermore, TOM would even go so far as to tell PLAINTIFF that he was only allowed to urinate while at work; nothing else. Importantly, as previously discussed, PLAINTIFF'S shifts were twelve hours long.

-2-

*Complaint – CRD No. 202306-21145729*

Date Filed: June 29, 2023

CRD-ENF 80 RS (Revised 12/22)

EXHIBIT A
PAGE 35

20.     PLAINTIFF, desperately seeking an end to the harassment and retaliation, complained to a member of BNSF Management named Joe Gist. Mr. Gist told PLAINTIFF that he would investigate the abusive conduct.

21.     Shortly thereafter, TOM apologized to PLAINTIFF. Importantly however, PLAINTIFF'S artificially low yearly review score was not corrected, TOM's abusive conduct went uninterrupted, and besides the obviously forced apology, TOM was not disciplined in any meaningful way.

22.     On or around September 1, 2022, PLAINTIFF began having health concerns with regards to his stress and delirium. As a result, PLAINTIFF requested and subsequently took FMLA leave in an attempt to combat these mental health issues.

23.     On or around October 20, 2022, PLAINTIFF receives a note from his physician that extended his leave to November 7, 2022. PLAINTIFF sent this note to DEFNDANT as soon as he acquired it. In response, DEFENDANTS disregarded PLAINTIFFS' serious medical disability and leave by demanding that he return to work sooner than ordered. Specifically, BNSF Superintendent David Alves in particular was indignant that PLAINTIFF required time off to recover from his serious mental disability because it meant that he had to cover for what would normally have been PLAINTIFF'S shifts.

24.     On or around November 13, 2022, PLAINTIFF returned to work and was immediately retaliated against by DEFENDANTS. PLAINTIFF had not been provided with any time to reacclimate to his job duties and had been partnered up with a brand new and inexperienced new employee, Lexus. DEFENDANTS had intentionally set PLAINTIFF up for failure by partnering him with a new employee that he was responsible for. Effectively meaning that PLAINTIFF'S workload and responsibilities were approximately double what they were prior to his leave of absence.

25.     Moreover, shortly after returning to work, PLAINTIFF was participating in a conference call with TOM and several other BNSF employees. At one point during that call TOM began yelling at PLAINTIFF to "Stop sleeping! Wake up Robert!" To make matters worse, another unidentified BNSF employee took a picture of PLAINTIFF without his consent. Importantly, PLAINTIFF was in no way asleep, and the picture that was subsequently circulated internally within BNSF (again without consent) demonstrated this. Furthermore, the only reason that TOM accused PLAINTIFF of sleeping is because he knew it would upset PLAINTIFF on a personal level. PLAINTIFF had complained about sleeping employees in the past. Moreover, TOM knew that an unfortunate side effect of PLAINTIFF'S disability (Delirium) is drowsiness.

26.     Immediately following this event, PLAINTIFF was shown the picture from employees that had received the picture. Additionally, these employees warned PLAINTIFF that several employees had been told to monitor PLAINTIFF and report his activity to BNSF management.

27.     On or around early December 2022, PLAINTIFF is contacted by BNSF Human Resources ("HR"), regarding his "sleeping" during the conference call. PLAINTIFF rightly denied any and all allegations that he was sleeping during the call.

28.     Immediately following this call with HR, TOM dramatically escalated his harassment of PLAINTIFF. Specifically, TOM would openly, and in front of other BNSF employees tell PLAINTIFF to "fuck off", and "Lexus is the one training Robert because he is fucking stupid." Or TOM would publicly ask PLAINTIFF, "you don't know how to do that?" or "Are you fucking stupid?"

-3-
*Complaint – CRD No. 202306-21145729*

Date Filed: June 29, 2023

29.     On or around December 16, 2022, PLAINTIFF was called in on his day off to speak with Superintendent David Alves. PLAINTIFF, being a diligent employee, followed the directive and came in to work. Despite PLAINTIFF's dedication to BNSF and his diligence in coming in on a day off, David Alves effectively blindsided PLAINTIFF by terminating him. Furthermore, David Alves refused to provide PLAINTIFF with a reasoning behind the termination. What David Alves did do however, was ominously tell PLAINTIFF that he knew that PLAINTIFF was in contact with HR. Notably, David Alves was also the employee who had very recently complained about having to cover PLAINTIFF'S shifts when he was on leave, proving a strong temporal nexus between PLAINTIFF'S leave and his subsequent termination.

30.     After months of failing to engage in an interactive process and provide reasonable accommodations to PLAINTIFF, countless acts of retaliation, and fabricating events to paint him in a bad light, DEFENDANTS carried out PLAINTIFF'S termination further worsening his already diminishing mental health in the process.

31.     DEFENDANTS, at all times relevant herein, acted with malice and oppression against PLAINTIFF without regard to PLAINTIFF's disability and his valid complaints against activity that he reasonably believed was illegal.

32.     Because of DEFENDANTS' multiple forms of illegal conduct including discrimination, retaliation, and wrongful termination, PLAINTIFF has suffered and continues to suffer significant mental, financial, and emotional harm

-4-
*Complaint – CRD No. 202306-21145729*

Date Filed: June 29, 2023

CRD-ENF 80 RS (Revised 12/22)

1 │ VERIFICATION

2 │ I, **Raymond Babaian**, am the **Attorney** in the above-entitled complaint.  I have read
3 │ the foregoing complaint and know the contents thereof.  The matters alleged are
  │ based on information and belief, which I believe to be true.

4 │
  │ On June 29, 2023, I declare under penalty of perjury under the laws of the State of
5 │ California that the foregoing is true and correct.

6 │                                                                    **Ontario, CA**

7 │

8 │

9 │

10 │

11 │

12 │

13 │

14 │

15 │

16 │

17 │

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │                                            -5-
  │                          *Complaint – CRD No. 202306-21145729*
27 │ Date Filed: June 29, 2023

28 │
  │                                                    CRD-ENF 80 RS (Revised 12/22)

EXHIBIT A
PAGE 38



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Kamran Shahabi (State Bar No. 276194) / Eric Gilanians (State Bar No. 321835)<br>VALIANT LAW<br>800 Ferrari Lane, Suite 100<br>Ontario, CA 91764 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 909.677.2270   FAX NO.: 909.677.2290<br>ATTORNEY FOR *(Name):* Plaintiff, ROBERT O'HARA | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino<br>STREET ADDRESS: 247 West Third Street<br>MAILING ADDRESS: 247 West Third Street<br>CITY AND ZIP CODE: San Bernardino, CA 92415<br>BRANCH NAME: | JUL 0 7 2023<br><br>By _Chelsea Nuss_ Deputy<br>Chelsea Nuss |
| CASE NAME:<br>O'hara v. BNSF Railway Company, et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CIV SB 2 3 1 5 3 4 9**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[✓] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | (Cal. Rules of Court, rules 3.400–3.403)<br>[ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* 10
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 6, 2023

Kamran Shahabi
_____
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]      **CIVIL CASE COVER SHEET**      Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

EXHIBIT A
PAGE 39

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

EXHIBIT A
PAGE 40



**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| O'hara -v- BNSF Railway Company et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number |
| | CIVSB2315349 |

VALIANT LAW
800 FERRARI LANE SUITE 100
ONTARIO CA 91764

This case has been assigned to: Janet M Frangie in Department S29 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 01/12/2024 at 8:30 AM in Department S29 - SBJC

Date: 7/12/2023                          By: _Chelsea Nuss_
                                              Chelsea Nuss, Deputy Clerk

---

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:
☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
☐ A copy of this notice was given to the filing party at the counter.
☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.
Date of Mailing: 7/12/2023

I declare under penalty of perjury that the forgoing is true and correct. Executed on 7/12/2023 at San Bernardino, CA.

By: _Chelsea Nuss_
    Chelsea Nuss, Deputy Clerk

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

| | |
|---|---|
| TELEPHONE NO.: | TRIAL SETTING CONFERENCE DATE: _____ |
| E-MAIL ADDRESS: | UNLIMITED CASE: _____ |
| ATTORNEY FOR (Name): | LIMITED CASE: _____ |
| FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| ## INITIAL TRIAL SETTING CONFERENCE STATEMENT | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided. This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐  No ☐  Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐  No ☐  Please check type agreed to: Private: _____  Court-sponsored: _____

8. **Related cases, consolidation, and coordination**: Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes** ☐ No ☐ Available dates: _____
   Time estimate: _____

9. **Other issues**:
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer**:
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

Form # 13-09001-360
Mandatory Form

**INITIAL TRIAL SETTING CONFERENCE STATEMENT**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:**<br>**E-MAIL ADDRESS:**<br>**ATTORNEY FOR (Name):**<br>**FAX NO. (Optional):** | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. **This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: _____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.'

   ☐ A motion to ☐ consolidate ☐ Trial dates requested: Yes ☐ No ☐ Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: _____

_____  _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY

_____  _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY

Form # 13-09001-360       **INITIAL TRIAL SETTING CONFERENCE STATEMENT**
Mandatory Form

EXHIBIT A
PAGE 43

# ORIGINAL

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

ROBERT_O'HARA

Case No.: **CIV SB 2 3 1 5 3 4 9**

vs.

**CERTIFICATE OF ASSIGNMENT**

BNSF RAILWAY COMPANY, ET AL.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the SAN BERNARDINO _____ District of the Superior Court under Rule131 and General Order of this court for the checked reason:

■ General    ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | _____ |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

**FILED BY FAX**

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

BNSF RAILWAY COMPANY                          1535 W. 4th Street
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR          ADDRESS

San Bernardino                    CA                92410
CITY                              STATE             ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on July 6, 2023 _____ at Ontario _____, California.

_____
*Signature of Attorney/Party*